IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHNNY RICHARD, | § | |
| TDCJ #569801, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-2893 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| Respondent.[1] | § | |

## MEMORANDUM AND ORDER

Petitioner Johnny Richard (TDCJ #569801) is an inmate incarcerated in the Texas

Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ").

He has filed a petition under 28 U.S.C. § 2254, seeking federal habeas corpus relief from a

prison disciplinary conviction.  He has also filed a memorandum in support of his petition.

After reviewing the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in

the United States District Courts, however, the Court concludes that this case must be

**dismissed** for reasons set forth below.

---

[1]    The pleadings list Sergeant Walter Ward and the "Stringfellow [Unit] Administration" as
respondents.  Because the petitioner is in custody of the Texas Department of Criminal Justice
- Correctional Institutions Division, the Court substitutes Director Nathaniel Quarterman as
the proper respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in
the U.S. District Courts, which provides that "the petition must name as respondent the state
officer who has custody."

## I.    BACKGROUND

Court records reflect that Richards is presently incarcerated as the result of a judgment entered against him in cause number 832834.  *See Richards v. State*, No. 01-01-00933-CR, 2002 WL 31122180 (Tex. App. — Houston [1st Dist.] Sept. 26, 2002, pet. ref'd).  A jury in the 184th District Court of Harris County, Texas, found Richards guilty of aggravated robbery in that case.  After finding that Richards had prior felony convictions for burglary of a building and robbery, the jury sentenced him to life imprisonment.

Richards does not challenge his underlying conviction here.  Instead, Richards challenges the result of a prison disciplinary proceeding at the Stringfellow Unit in Rosharon, Texas, where he currently resides.[2]  According to the petition and supporting memorandum, Richards was found guilty on April 2, 2007, in disciplinary case #20070212451, of violating prison rules by possessing contraband.  As a result of the disciplinary conviction, Richards lost his recreational privileges for seven days.

Richards contends that he is entitled to federal habeas corpus relief because he was denied due process at his disciplinary proceeding.  In that respect, Richards complains that the conviction was not supported by sufficient "physical evidence" and that the charges were filed in retaliation for a prior federal habeas corpus petition filed by Richards involving a different prison disciplinary proceeding. Notwithstanding the arguments made in the

---

[2]    Because the petitioner was convicted of his underlying offense within this district, this Court has jurisdiction over his petition.  *See Wadsworth v. Johnson*, 235 F.3d 959 (5th Cir. 2000).

pleadings, Richards is not entitled to relief as a matter of law for reasons discussed briefly below.

## II.   PRISON DISCIPLINARY PROCEEDINGS

The petitioner in this case seeks a federal writ of habeas corpus to challenge a disciplinary conviction entered against him while in prison.  The federal writ of habeas corpus is an extraordinary remedy which shall not extend to any prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §§ 2241(c)(3) & 2254(a); *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993) (explaining that "the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness").  Thus, to prevail on his request for federal habeas corpus relief the petitioner must establish a constitutional violation.

In the disciplinary hearing context a prisoner's rights, if any, are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.  *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974).  However, prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause *only* when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest.  *See Sandin v. Conner*, 515 U.S. 472 (1995).  Liberty interests emanate from either the Due Process Clause itself or from state law.  *See Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989).  A convicted prisoner does not have a constitutional right to conditional release before the expiration of a valid sentence.  *See Greenholtz v.*

3

*Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979).  Likewise, the

Constitution does not guarantee an inmate good-time credit for satisfactory behavior while

in prison.  *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974); *Madison v. Parker*, 104 F.3d 765,

768 (5th Cir. 1997).  Therefore, the petitioner's due process claim depends on the existence

of an interest created by state law.

The Supreme Court has decided that only those state-created substantive interests

which "inevitably affect the duration of [a prisoner's] sentence" may qualify for

constitutional protection under the Due Process Clause.  *Sandin*, 515 U.S. at 487.  *See also*

*Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059 (1996).  In

Texas, it is well established that only those inmates who are eligible for mandatory

supervision have a constitutional expectancy of early release under the Texas mandatory

supervision scheme and a protected liberty interest in the good-time credits that they have

earned.  *Malchi v. Thaler*, 211 F.3d 953, 956 (5th Cir. 2000) (addressing the mandatory

supervision scheme in place prior to September 1, 1996); *see also Teague v. Quarterman*,

482 F.3d 769 (5th Cir. 2007) (addressing the mandatory supervision scheme in place before

and after September 1, 1996).  Richards concedes that he did not lose any good-time credit

as a result of the disciplinary conviction that he seeks to challenge.  This is fatal to his

federal habeas corpus petition.

As a result of the disciplinary conviction at issue in this case, Richards lost only seven

days of recreational privileges.  According to well-settled precedent, sanctions of this nature,

which are "merely changes in the conditions of [an inmate's] confinement," do not implicate

due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). In that respect, the Fifth Circuit has held that limitations imposed upon commissary or recreational privileges, and a cell restriction or solitary confinement on a temporary basis, are the type of sanctions that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. *See id*. Because a protected liberty interest is not implicated by the sanction imposed in this instance, Richards cannot show that he is entitled to habeas corpus relief from his punishment.

Moreover, it is worth noting that any claim of retaliation by Richards is without merit in this instance. Richards alleges that the disciplinary charges at issue in case # #20070212451 were filed against him in retaliation for a prior federal habeas corpus petition that he filed in this district. *See Richards v. Quarterman*, Civil Action No. H-07-0546 (S.D. Tex.). The record reflects that this proceeding has been dismissed as legally frivolous. *See id*. (Amended Memorandum and Recommendation dated August 10, 2007, and adopted by the district court on September 7, 2007). Frivolous filings by a prisoner cannot form the basis of a retaliation claim. *See Johnson v. Rodriguez*, 110 F.3d 299, 311 (5th Cir.), *cert. denied*, 522 U.S. 995 (1997).

In summary, because the sanctions assessed against Richards do not implicate a protected liberty interest, any claim by him concerning his disciplinary conviction fails to establish the requisite constitutional violation as a matter of law. Absent an allegation that the petitioner has been deprived of some right secured to him by the United States Constitution or laws of the United States, federal habeas corpus relief is not available.

*Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059 (1996); *Hilliard v. Board of Pardons and Paroles*, 759 F.2d 1190, 1192 (5th Cir. 1985).  It follows that Richards is not entitled to habeas corpus relief.

## III.    CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, (the "AEDPA), codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed.  *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner has stated a valid claim of the denial of a constitutional right.  Accordingly, a certificate of appealability will not issue in this case.

## IV.    CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** the following:

6

1.	The federal habeas corpus petition is **DENIED** and this case is **DISMISSED** with prejudice.

2.	The petitioner's motion for a "temporary injunction" (Doc. # 3) is **DENIED** as **MOOT**.

3.	A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on <u>September 10</u>, 2007.

Nancy F. Atlas
United States District Judge

7